IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**ELBURN TEMPLETON,**                    10-CV-607-BR
**individually and on behalf of**
**all others similarly situated**
**who consent to their**                 OPINION AND ORDER
**inclusion in this collective**
**action,**

        **Plaintiffs,**

**v.**

**FRED MEYER STORES, INC.,**

        **Defendant.**


**C. RYAN MORGAN**
Morgan & Morgan, P.A.
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
(407) 420-1414

**GARY ABOTT PARKS**
Northwest Wagelaw, LLC
1800 Blankenship Road, Suite 475
West Linn, OR 97068
(503) 655-2970


1 - OPINION AND ORDER

**BRIAN D. GONZALES**
The Law Offices of Brian D. Gonzales, PLLC
123 North College Avenue, Suite 200
Fort Collins, CO 80524
(970) 212-4665

       Attorneys for Plaintiff

**DAVID H. WILSON, JR.**
**MARYANN YELNOSKY**
**FRANCIS T. BARNWELL**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway, Suite 1900
Portland, OR 97205-3071
(503) 248-1134

       Attorneys for Defendant


**BROWN, Judge.**

     This matter comes before the Court on Plaintiff Elburn
Templeton's Motion (#13) to Certify the Class.  For the reasons
that follow, the Court **GRANTS** Plaintiff's Motion (#13) to Certify
the Class.


<u>**BACKGROUND**</u>

     Plaintiff Elburn Templeton is a former employee of Defendant
Fred Meyer Stores, Inc., an Ohio corporation.  Plaintiff brings
this matter on behalf of himself and all others similarly
situated who were or are employed by Defendant as Loss Prevention
Managers (LPMs).  Plaintiff contends he and other similarly
situated LPMs were improperly classified by Defendant as exempt
under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219

2 - OPINION AND ORDER

(2006), and, as a result, were not properly compensated for the "overtime" hours they worked beyond 40 hours in a week.  In his First Amended Complaint, Plaintiff asserts a single claim for violation of FLSA §§ 201-209 seeking declaratory relief, damages, equitable relief, and attorneys' fees.

On August 4, 2010, Plaintiff filed his Motion to Certify Class and requested an expedited hearing to address the matter. After Defendant responded, the Court heard oral argument on August 26, 2010.  At the conclusion of the hearing, the Court offered Plaintiff an opportunity to file a reply to Defendant's Response to Plaintiff's Motion to Certify the Class, but Plaintiff declined.  The Court, therefore, took this matter under advisement on August 26, 2010.

At the hearing, the Court directed the parties to confer as to whether former Defendant Fred Meyer, Inc., was a proper party. On September 7, 2010, the parties filed a Joint Stipulation (#43) in which Plaintiff agreed its claims against Fred Meyer, Inc., should be dismissed.

## STANDARDS

FLSA authorizes "collective actions" under 29 U.S.C. § 216(b), which states in relevant part:

> An action to recover [unpaid minimum wages or unpaid overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court

of competent jurisdiction by any one or more
employees for and in behalf of himself or
themselves and other employees similarly
situated.  No employee shall be a party
plaintiff to any such action unless he gives
his consent in writing to become such a party
and such consent is filed in the court in
which such action is brought.

A collective action under FLSA, in contrast to other class

actions, is not governed by Federal Rule of Civil Procedure 23.

Certification of an FLSA collective action is determined by a

less stringent standard under 29 U.S.C. § 216(b), which provides

a plaintiff may file an action on behalf of employees who are

"similarly situated" and who file a written consent to opt-in to

the case.  *See Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901,

907 n.9 (9th Cir. 2004).  *See also Smith v. T-Mobile USA, Inc.*,

570 F.3d 1119, 1122-23 (9th Cir. 2009).  Although § 216(b)

requires the class to be "similarly situated," it is "less

stringent than that for joinder under Rule 20(a) or for separate

trials under Rule 42(b)."  *Grayson v. K Mart Corp.*, 79 F.3d 1086,

1096 (11th Cir. 1996).  In the context of an Age Discrimination

in Employment Act (ADEA) action, the Supreme Court has recognized

a district court's broad discretion with respect to discovery and

notice matters for collective actions under § 216(b):

We hold that district courts have discretion,
in appropriate cases, to implement 29 U.S.C.
§ 216(b) (1982 ed.), as incorporated by 29
U.S.C. § 626(b) (1982 ed.), in ADEA actions
by facilitating notice to potential
plaintiffs.  The facts and circumstances of
this case illustrate the propriety, if not

the necessity, for court intervention in the
notice process. . . .  We confirm the
existence of the trial court's discretion,
not the details of its exercise.

* * *

Section 216(b)'s affirmative permission for
employees to proceed on behalf of those
similarly situated must grant the court the
requisite procedural authority to manage the
process of joining multiple parties in a
manner that is orderly, sensible, and not
otherwise contrary to statutory commands or
the provisions of the Federal Rules of Civil
Procedure.  *See* Fed. Rule Civ. Proc. 83.  It
follows that, once an ADEA action is filed,
the court has a managerial responsibility to
oversee the joinder of additional parties to
assure that the task is accomplished in an
efficient and proper way.

We have recognized that a trial court
has a substantial interest in communications
that are mailed for single actions involving
multiple parties.

*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-71 (1989).

*See also Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th

Cir. 2000)("Section 16(b) of FLSA authorizes an employee to bring

an action on behalf of similarly situated employees . . . .  To

facilitate this process, a district court may authorize the named

plaintiffs  . . . to send notice to all potential plaintiffs

. . . ."); *McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139

(9th Cir. 2007)("Although § 216(b) does not require district

courts to approve or authorize notice to potential plaintiffs,

the Supreme Court held in *Hoffmann-La Roche* that it is 'within

the discretion of a district court' to authorize such notice."

5 - OPINION AND ORDER

(citation omitted)).

The plaintiff bears the burden to demonstrate that other members of the putative collective action are "similarly situated." Grayson, 79 F.3d at 1096. *See also Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466-67 (N.D. Cal. 2002). The Ninth Circuit has not set out a test that governs a court's analysis of a party's motion to certify a collective action under FLSA. The majority of courts that have addressed the issue, however, have adopted a two-tiered approach to certification. *See, e.g., Leuthold*, 224 F.R.D. at 466-67 (N.D. Cal. 2002)("The FLSA does not define the term similarly situated, and the Ninth Circuit does not appear yet to have spoken on this issue. . . . The court proceeds under the two-tiered analysis, given that the majority of courts have adopted it."); *White v. Rakhra Mushroom Farm Corp.*, No. CV 08-198-SU, 2009 WL 971857, at *5 (D. Or. Apr. 8, 2009)(same); *Stickle v. SCI W. Mkt. Support Ctr., L.P.*, No. CV-08-083-PHX-MHM, 2010 WL 3218598, at *3 (D. Ariz. Aug. 13, 2010)(same). The parties and the Court agree this two-tiered approach is the appropriate analysis to resolve Plaintiff's Motion.

At the first tier in cases where the parties have yet to engage in significant discovery, the court may conditionally certify a collective action on the part of similarly situated employees on a minimal showing:

> Most courts have adopted a two-step
> certification procedure for collective
> actions brought under the FLSA. *Beauperthuy
> v. 24 Hour Fitness USA, Inc.*, No. 06-CV-715,
> 2008 WL 793838 at *2 (N.D. Cal., Mar. 24,
> 2008). The first step is conditional
> certification; a district court looks for a
> minimal showing that members of the proposed
> class are "similarly situated." *Id.* The
> purpose of conditional certification is to
> determine whether the proposed class should
> be given notice of the action. *Adams v.
> Inter-Con Sec. Systems, Inc.*, 242 F.R.D. 530,
> 536 (N.D. Cal. 2007). Discovery isn't
> complete at this time; a court makes a
> decision whether to conditionally certify a
> class based on the pleadings and affidavits
> submitted by the parties. *Id.* For this
> reason, the standard for conditional
> certification is "fairly lenient," and it is
> usually granted. *Id.* A court "requires
> nothing more than substantial allegations
> that the putative class members were together
> the victims of a single decision, policy, or
> plan." *Thiessen v. Gen. Elec. Capital Corp.*,
> 267 F.3d 1095, 1102 (10th Cir. 2001). *See
> Beauperthuy*, 2008 WL 793838 at *2 ("Given
> that a motion for conditional certification
> usually comes before much, if any, discovery,
> and is made in anticipation of a later more
> searching review, a movant bears a very light
> burden in substantiating its allegations at
> this stage.").

*Norris-Wilson v. Delta-T Group Inc.*, No. 09CV0916-LAB (RBB), 2010

WL 2196066, at *2 (S.D. Cal. June 1, 2010). At the second tier

of the certification analysis after discovery, a defendant may

challenge certification of the class. *Id.* At that time the

court must make a factual determination as to whether the opt-in

plaintiffs are similarly situated. *Murillo v. Pac. Gas & Elec.

Co.*, 266 F.R.D. 468, 471 (E.D. Cal. 2010). *See also White*, 2009

WL 971857, at *3 (At tier two "the Court weighs (1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available . . . and (3) fairness and procedural considerations."); *Stickle*, 2010 WL 3218598, at *3-*4.


#### <u>DISCUSSION</u>

In his Motion, Plaintiff contends he has made a sufficient showing for the Court to certify the class conditionally at this stage of the proceedings.  Relying on his own Declaration and that of Renee Englander, a former LPM employed by Defendant, Plaintiff contends, *inter alia*, there are many other members of the putative class who are similarly situated because (a) they held the same title of Loss Prevention Manager; (b) they were paid on a salary basis; (c) on a day-to-day basis, they performed nearly identical job duties for Defendant in implementing the policies, procedures and checklists of the Fred Meyer Loss Prevention Department; (d) they did not exercise significant discretion or independent judgment; (e) they worked for Defendant over forty (40) hours in one or more work weeks; and (f) none were paid overtime compensation for working over forty hours in one or more work weeks.  Thus, Plaintiff and Englander declare they each know other LPMs who performed their jobs in a substantially similar manner to Plaintiff and, therefore, have an interest in joining this matter.

Defendant does not dispute it employs a class of employees identified as LPMs, that those employees have been classified as FLSA-exempt for purposes of overtime pay, and that none were compensated with overtime pay for hours worked beyond 40 hours in any work week.  At the hearing, Defendant also conceded it has created a single job description for LPMs at all of its stores that uniformly lists an LPM's objectives, responsibilities, job duties, and performance measurements.  According to Defendant, however, the Court should not certify this matter as a collective action because the Court will be required to engage in an individualized inquiry into each LPM's particular duties to determine whether Defendant appropriately considered an LPM as exempt from the applicable rules for overtime pay.  *See* 29 C.F.R. § 521.202(b).

In addition, Defendant offers numerous declarations in support of its contention that LPMs perform varied managerial duties such as hiring, firing, supervising other employees, performing loss investigations, *etc.*, and, therefore, an individualized determination of the exemption for each LPM is necessary.  For purposes of this Motion, these Declarations demonstrate fact issues exist as to whether the resolution of Plaintiff's claim in a collective action will require the Court to determine if each employee was properly deemed to be exempt from overtime-pay rules, which might, in turn, prove

inappropriate for collective resolution. *See, e.g., Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002)).  It is premature at this early stage, however, to resolve that factual dispute primarily because Plaintiff has not yet been provided with discovery sufficient to test Defendant's contrary assertion that other LPMs are not similarly situated to Plaintiff.  Moreover, it is speculative to presume LPMs who performed their jobs differently from Plaintiff will, in fact, opt-in to this collective action if given notice.  In any event, the Court agrees with Plaintiff that the positions of the class members only need to be similar rather than identical to justify conditional certification. *See Grayson*, 79 F.3d at 1096 ("For an opt-in class to be created under section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees 'similarly situated.'  [P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members.")(internal quotation omitted)).  Here the allegations in the Complaint and the evidence submitted by Plaintiff and Defendant establish sufficient similarity to the job duties of LPMs to warrant conditional certification at this "first tier," notice stage. Although Defendant may ultimately prevail at "tier two" in establishing this matter is not an appropriate one for a collective resolution, the Court presently concludes in the

10 - OPINION AND ORDER

exercise of its discretion that weighing and resolving those considerations should occur after appropriate notice has been provided and sufficient discovery into these preliminary issues is complete.

Similarly, although Defendant also contends the Court should consider the merits of Plaintiff's claim when determining whether to certify the class conditionally, Plaintiff points to various authorities for the proposition that the Court should not consider the merits of his claim at this stage. *See White*, 2009 WL 971857, at *5 ("It is premature . . . to decide exemption at [the first-tier analysis] stage."). The Court agrees this is not the proper stage of the proceedings to consider the merits of Plaintiff's claim. Accordingly, the Court will approach the matter similar to the approach of the District of Arizona as set out in *Stickle*:

> [I]n FLSA class actions, district courts utilize a unique multi-tiered process whereby (1) a class is conditionally certified for notification purposes; (2) the Court issues collective action notification, informing potentially aggrieved individuals of the right to opt-into the litigation; (3) a period of decertification discovery is undertaken; and (4) at the conclusion of discovery, the Court rules on a motion for decertification. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001); *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 989-90 (C.D. Cal. 2006). If a plaintiff's case can withstand a decertification motion, the district court will generally entertain dispositive motions before proceeding to a trial on the merits.

> *Edwards*, 467 F.Supp.2d at 990 n. 1.  As the
> Parties are aware, this Court granted
> Plaintiffs' Motion for Collective Action
> notification and conditionally certified
> Plaintiffs' class for notification purposes.
> (Doc. 307).  The Court then authorized a form
> of notice to potentially aggrieved current
> and former employees of Defendants.  All
> potentially aggrieved current and former
> employees were then given until December 2009
> to opt-into the lawsuit.

2010 WL 3218598, at *3.

Finally, the Court notes Defendant objects on evidentiary

grounds to several statements contained in the Declarations of

Plaintiff and Renee Englander as being either without personal

knowledge or as constituting legal conclusions.  Consistent with

Defendant's objections, the Court has not considered and has not

given any weight to the legal conclusions contained in these

Declarations.  The Court has, however, relied on the sworn

statements by Plaintiff and Englander in their Declarations as to

the facts for which they claim to have personal knowledge, and,

to that extent, the Court overrules Defendant's objections.  In

this context, Plaintiff's evidence is sufficient to meet the

"very light burden" to warrant conditional certification under

FLSA at this early stage of the proceedings.  *See Norris-Wilson*,

2010 WL 2192066, at *2.

The Court notes both parties have submitted proposed forms

of notice to be sent to LPMs currently or formerly employed by

Defendant.  Because the parties have had little opportunity to

12 - OPINION AND ORDER

confer meaningfully about these forms of notice and any objections thereto, the Court directs the parties to do so in order to determine whether the parties can agree as to an appropriate form of notice and as to the procedure for providing the notice to the conditionally certified class.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Plaintiff's Motion (#13) to Certify the Class conditionally.  The Court **DIRECTS** the parties to file **no later than October 4, 2010,** a Joint Status Report setting forth their hopefully agreed-upon form of notice and the process the parties recommend to implement it, after which the Court will confer with the parties.  The Court also **DIRECTS** the parties to submit **no later than October 4, 2010,** an appropriate form of Judgment dismissing Fred Meyer, Inc., as a party.

IT IS SO ORDERED.

DATED this 23rd day of September, 2010.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


13 - OPINION AND ORDER