IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


ELBURN TEMPLETON,                          10-CV-607-BR
individually and on behalf of
all others similarly situated
who consent to their                       ORDER
inclusion in this collective
action,

        Plaintiffs,

v.

FRED MEYER STORES, INC.,

        Defendant.


C. RYAN MORGAN
Morgan & Morgan, P.A.
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
(407) 420-1414


1 - ORDER

**GARY ABBOTT PARKS**
Northwest Wagelaw, LLC
1800 Blankenship Road, Suite 475
West Linn, OR 97068
(503) 655-2970

**BRIAN D. GONZALES**
The Law Offices of Brian D. Gonzales, PLLC
123 North College Avenue, Suite 200
Fort Collins, CO 80524
(970) 212-4665

       Attorneys for Plaintiff

**DAVID H. WILSON, JR.**
**MARYANN YELNOSKY**
**FRANCIS T. BARNWELL**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway, Suite 1900
Portland, OR 97205-3071
(503) 248-1134

       Attorneys for Defendant


**BROWN, Judge.**

    This matter comes before the Court on Defendant's request for the Court to appoint a third-party administrator to notify putative class members of the pendency of this matter.

    On September 23, 2010, the Court issued an Opinion and Order (#46) in which it granted Plaintiff's Motion to Certify the Class conditionally and directed the parties to confer as to the form of notice to putative class members and the procedure for notifying same.  On October 4, 2010, the parties submitted a Joint Status Report (#47) after conferral in which the parties stipulated to the form of notice to be delivered to putative

class members.  The parties also stipulated to the process for
notifying potential plaintiffs, but they did not agree as to
whether Plaintiff's counsel or a third-party administrator should
deliver the notices to and track responses from potential class
members.

On October 7, 2010, the Court granted the parties' request
to submit to the Court a concise statement of the parties'
respective positions as to the use of a third-party
administrator.  On October 19, 2010, the parties submitted a
Joint Status Report (#52) in which the parties set out their
positions.

In the Joint Status Report (#52), Defendant requests the
Court to appoint a third-party administrator to notify putative
class members and to track their responses to the notice.
Defendant maintains a third-party administrator will better
protect the sensitive personal information of Defendant's former
and current Loss Prevention Managers such as Social Security
numbers that may be required if it becomes necessary to search
for a former employee's new address.  In any event, Defendant
maintains Plaintiff and the putative class members will not be
burdened by the use of a third-party administrator because
Defendant has agreed to assume unconditionally the financial
responsibility for the use of a third-party administrator in this
matter and also agreed not to seek reimbursement of any such

costs from class members.  Although the potential cost-burden to
Plaintiff of using a third-party administrator here was of
concern (such cost generally has been one of the main bases for
refusal by the courts to approve the use of third-party
administrators, *see, e.g., Bados Madrid v. Peak Constr. Inc.*, No.
2:09-CV-00311 JWS, 2009 WL 2983193, at *2 (D. Ariz. Sept. 17,
2009)(declining to appoint a third-party administrator as an
unnecessary imposition of costs on the plaintiffs)), Defendant's
willingness to bear the costs satisfies that issue in this case.

     Nonetheless, Plaintiff also opposes the use of a third-party
administrator on the ground that Defendant's privacy concerns are
unwarranted.  Plaintiff contends any privacy concerns should be
minimal because Plaintiff's counsel are familiar with and
experienced in administering notices to conditionally certified
classes, and, moreover, Plaintiff is entitled to the names and
contact information for all putative plaintiffs as part of
discovery.  *See, e.g., Gerlach v. Wells Fargo & Co.*, No. C 05-
0585 CW, 2006 WL 824652, at *7 (N.D. Cal. Mar. 28, 2006).  Thus,
Plaintiff contends there is no compelling reason to appoint a
third-party administrator due to privacy concerns.

     Although Plaintiff is correct that he likely will discover
the names and addresses of all potential class members, it is in
the Court's discretion to appoint a third-party administrator for
the purposes of facilitating the "process of joining multiple

4 - ORDER

parties in a manner that is orderly [and] sensible." *See*
*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-71 (1989).
In light of the fact that the costs of appointing a third-party
administrator will not burden the class in this matter and a
third-party administrator such as The Garden City Group[1] can
facilitate the "process of joining multiple parties in a manner
that is orderly [and] sensible," the Court, in the exercise of
its discretion, **GRANTS** Defendant's request to appoint The Garden
City Group as third-party administrator for purposes of notifying
putative class members in this action.

   As requested by the parties, Plaintiff is to receive all
completed consent forms and to file those forms with the Court.
Any other discovery matters will be taken up by the Court as they
arise.

   Because the issues relating to notice to class members have
been resolved, the Court **DIRECTS** the parties (1) to proceed with
the notice process, (2) to confer concerning a proposed case-
management plan and schedule, and (3) to submit **no later than**
**November 12, 2010**, their joint proposal for a case-management
plan and schedule for this matter, after which the Court will set

_____

   [1] The parties agree if the Court appoints a third-party
administrator, the Court should appoint The Garden City Group.

a Rule 16 scheduling conference.

IT IS SO ORDERED.

DATED this 26th day of October, 2010.

/s/ Anna J. Brown


ANNA J. BROWN
United States District Judge